UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

RIGOBERTO VASQUEZ and EVA GARCIA on behalf of
themselves and all others similarly situated,

                               Plaintiffs,

                -against-

HONG KONG AND SHANGHAI BANKING
CORPORATION LTD., a foreign company; HSBC BANK
USA, N.A., a national banking association; and DOES 1
through 100, inclusive,

                           Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

1:18-CV-01876-PAE-BM

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CLASS
ALLEGATIONS FROM FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(f), 23(c)(1)(A), AND 23(d)(1)(D)**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................................1

II.  THE COURT SHOULD STRIKE OR REDEFINE THE RICO CLASS ALLEGATIONS
     BECAUSE THE FOUR-YEAR STATUTE OF LIMITATIONS PRECLUDES CERTIFICATION ............2

III. THE COURT SHOULD STRIKE THE AIDING AND ABETTING CLASS ALLEGATIONS
     BECAUSE THE MULTIPLE STATUTES OF LIMITATIONS PRECLUDE CERTIFICATION ...............4

IV.  CONCLUSION.........................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018)...................................................................................................2

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
  No. 16-7014, 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ....................................2

*Friedman v. JP Morgan Chase & Co.*,
  No. 15-5899, 2016 WL 2903273 (S.D.N.Y. May 18, 2016), *aff'd sub nom.*
  *Friedman v. JPMorgan Chase & Co.*, 689 F. App'x 39 (2d Cir. 2017)...............................2, 3

*In re Cypress Semiconductor Sec. Litig.*,
  864 F. Supp. 957 (N.D. Cal. 1994) ..............................................................................1

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  299 F. Supp. 3d 430 (S.D.N.Y. 2018).........................................................................5

*Koch v. Christie's Int'l PLC*,
  699 F.3d 141 (2d Cir. 2012).........................................................................................3

*Mohsen v. Morgan Stanley & Co.*,
  No. 13-07358, 2016 WL 9686985 (C.D. Cal. Mar. 24, 2016), *aff'd*, 710 F.
  App'x 330 (9th Cir. 2018) ............................................................................................4

*Rotella v. Wood*,
  528 U.S. 549 (2000)......................................................................................................3

*Schneidereit v. San Luis Capital, Inc.*,
  No. 12-8253, 2013 WL 12138726 (C.D. Cal. Apr. 16, 2013) ....................................5

**Statutes**

18 U.S.C. § 1961 .......................................................................................................1, 2, 3, 4, 5

Cal. Civ. Proc. Code § 338(d)............................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................................5

## I.     INTRODUCTION

Plaintiffs' class allegations should be stricken. Plaintiffs had the opportunity to obtain discovery and litigate class certification in the California Action, and they had the opportunity to amend their class definition after reviewing Defendants' motion to strike class allegations in this action. (Dkt. 42.) With that extraordinary amount of information, Plaintiffs continue to advance a lawsuit comprising thousands of international class members whose claims cannot be adjudicated absent fact-bound individual analysis. As pointed out in the moving papers, this case is not certifiable on its face.

Plaintiffs claim this motion is "premature," but point to no discovery that would alter, much less simplify, the unmanageable statute of limitations web presented by their claims. They hope only to keep this case as a class for its own sake. Plaintiffs also note that motions to strike are disfavored, but they ignore the exceptional circumstances presented by this copycat case that has been litigated already. Motions to strike are appropriate to curb "abusive" litigation, such as the "filing of a successive, identical class action" that presents untimely claims. *Cf. In re Cypress Semiconductor Sec. Litig.*, 864 F. Supp. 957, 959 (N.D. Cal. 1994).

Substantively, this is not a close question. The RICO class cannot be certified because it sweeps in claims—including Plaintiffs' own—that are facially time-barred by the four-year statute of limitations. Even more difficult, RICO's inquiry notice standard requires a factual analysis of each individual's circumstances to determine what they knew or should have known and when, an inherently piecemeal undertaking. The aiding and abetting claims are governed by the laws of the jurisdiction where each putative class member lives and lost money. In a case purportedly involving "thousands of victims" from a "worldwide investor base," (Opp. at 5), that means analyzing the statutes of limitations (and the exceptions) from no fewer than twenty-two jurisdictions. And that's just to determine what legal framework governs; the Court will still

have before it the task of applying those varying frameworks thousands of times to the unique factual circumstances of each putative class member.

On the face of the First Amended Complaint ("FAC"), there is no way to do what Plaintiffs propose class-wide. The motion to strike should be granted.

## II.   THE COURT SHOULD STRIKE OR REDEFINE THE RICO CLASS ALLEGATIONS BECAUSE THE FOUR-YEAR STATUTE OF LIMITATIONS PRECLUDES CERTIFICATION

Plaintiffs' putative RICO class is not suitable for certification. It consists mostly of persons—including Plaintiffs themselves—with facially time-barred claims. As stated in the motion, RICO has a four-year limitations period. Yet Plaintiffs' proposed class definition impermissibly goes back almost five years. Class membership is defined by making investments during the twelve-month period from June 1, 2013, to May 31, 2014. (FAC ¶ 55.) Since Plaintiffs filed suit on March 1, 2018, nine of those class-defining twelve months are outside RICO's four-year limitations period, rendering a substantial majority of the RICO claims of the proposed class time-barred.[1]

Plaintiffs argue the facially time-barred portion of their class period should not be stricken because they do not allege these class members had "actual" notice of their potential claims.  That argument should be rejected because it is well-established "[t]he limitations period begins to run when the plaintiff discovers or *should have discovered* the RICO injury." *See Friedman v. JP Morgan Chase & Co.*, No. 15-5899, 2016 WL 2903273, at *14 (S.D.N.Y. May 18, 2016), *aff'd sub nom. Friedman v. JPMorgan Chase & Co.*, 689 F. App'x 39 (2d Cir. 2017) (emphasis added). The putative class should have discovered their injuries, at the latest, when

---

[1]      Plaintiffs do not dispute that *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) prohibits tolling of the RICO claims of the putative class. (*See* Mot. at 9); *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-7014, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument.").

their investments did not turn out as promised within 100 days after investing. (*See* FAC ¶ 17(g)); *Friedman*, 2016 WL 2903273 at *14 (dismissing RICO claim filed more than four years after "plaintiffs discovered their injury—that they did not have the funds Madoff had purported to invest for them"). And in reality the discovery period should be much shorter, depending on the available storm warnings, such as the public orders from state regulatory officials in November 2013 and January 2014, WCM777's public announcement in November 2013, or other unique factors (*e.g.*, individuals recruiting persons into the Ponzi scheme). (*See* FAC ¶¶ 21–24); *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 153 (2d Cir. 2012). But to figure that out the Court has to individually delve into each class member's unique circumstances.

Plaintiffs attempt to brush aside the significant individual inquiries required to certify their proposed class by arguing they did not mention "storm warnings" in their FAC, and because they used the phrase "Ponzi scheme" in their pleading, which means the victims are presumed to have believed the scheme was "working as promised." (Opp. at 4–5.) Plaintiffs' unsupported arguments fail. The FAC alleges all the facts necessary for the Court to foresee what will be required to conduct a statute of limitations analysis for each proposed class member. And the words "Ponzi scheme" in a pleading have no talismanic power to eliminate the inquiry notice analysis required by the discovery rule. *See Rotella v. Wood*, 528 U.S. 549, 556 (2000) (discovery accrual rule applied notwithstanding that a RICO "pattern of predicate acts may well be complex, concealed, or fraudulent"); *Friedman*, 2016 WL 2903273 at *14 (applying rule to a Ponzi scheme).

Application of the inquiry notice rule here is straightforward. Plaintiffs allege they were promised returns within a finite period of time, 100 days from investing. (*See* FAC ¶ 17(g).) Unless putative class members received the promised amounts of 100% or 160% within that

period, they were on inquiry notice of a fraud. (*See id.*) And if some "investors" received definite

returns (*see id.* ¶ 45), that concretely demonstrates that the statute of limitations analysis is

individualized. The individualized analysis required precludes certification or, at the very least,

requires redefinition of the RICO class, which currently consists of mostly time-barred claims.

## III.   THE COURT SHOULD STRIKE THE AIDING AND ABETTING CLASS ALLEGATIONS BECAUSE THE MULTIPLE STATUTES OF LIMITATIONS PRECLUDE CERTIFICATION

Plaintiffs' proposed aiding and abetting class also is not suitable for certification due to

individualized statute of limitations issues. Plaintiffs seek to represent a worldwide class of

thousands of investors. (*See* Opp. at 5; FAC ¶¶ 19, 44, 71(a).) Plaintiffs' prior allegations make

clear that there are *at least* twenty-two statutes of limitations at issue. (*See* Compl. ¶ 2 ("This is a

class action brought … on behalf of approximately 5000 people and entities located in

approximately 16 States and other country [*sic*] such as Peru, Columbia, Ecuador, Brazil Mexico

[*sic*], and Panama")); *cf. Mohsen v. Morgan Stanley & Co*., No. 13-07358, 2016 WL 9686985, at

*5 (C.D. Cal. Mar. 24, 2016), *aff'd*, 710 F. App'x 330 (9th Cir. 2018) (relying on plaintiff's prior

allegations to dismiss plaintiff's time-barred claims).

Under New York's borrowing statute, determining whether each putative class member's

claims are time-barred is a four-step analysis requiring determination of: (1) each member's state

or country of residence; (2) the statute of limitations (or its equivalent) of that state or country for

aiding and abetting fraud, breach of fiduciary duty, and conversion; (3) whether the applicable

statute of limitations bars each member's claims; and (4) whether any tolling (or its equivalent)

saves the claim. For the thousands of people residing in at least twenty-two jurisdictions, this is

unworkable.

This is not speculative; there is no mere "possibility" of individualized defenses, as

Plaintiffs suggest. (*See* Opp. at 5.) Rather, statute of limitations defenses are front and center

across the putative class. Just taking the claims of Californians, like Plaintiffs, is illustrative. California has a three-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(d). California "investors" were on notice of their injuries, at the latest, 100 days after their investment, and had to sue within three years of that date. *See Schneidereit v. San Luis Capital, Inc.*, No. 12-8253, 2013 WL 12138726, at *4 (C.D. Cal. Apr. 16, 2013) ("California courts interpret 'discovery' to occur when the plaintiff is on inquiry notice of the facts constituting fraud, meaning that the cause of action accrues when the plaintiff 'suspected or should have suspected' that representations were false."). Since not one of them did sue within three years—this case was filed almost five years after the California limitations period began to run—their claims are time-barred on their face. The only way to try to save them is by applying potential delayed discovery or tolling defenses, all of which require the sort of fact-specific, person-specific analysis that is unsuitable for class treatment.[2]

Because the "timeliness of a class member's claim presents an individual issue in this case," Plaintiffs cannot certify a class on their aiding and abetting claims. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 572 (S.D.N.Y. 2018); (*see also* Mot. at 10–11 (citing cases)).

IV.   **CONCLUSION**

For the foregoing reasons and the reasons stated in Defendants' motion, Defendants respectfully request that the Court: (1) strike the RICO class allegations or, alternatively, limit them to those who invested on or after February 28, 2014 (four years prior to the filing of this action); and (2) strike the aiding and abetting class allegations.

---

[2]   Plaintiffs neither allege tolling in the FAC, as required, nor argue it applies in opposition to this motion to strike. The inapplicability of tolling to Plaintiffs' claims is addressed in Defendants' replies to their motions to dismiss under Fed. R. Civ. P. 12(b)(6).

Dated: New York, New York          **KATTEN MUCHIN ROSENMAN LLP**
      December 19, 2018

                                      By:  /s/ Gregory S. Korman
                                            Gregory S. Korman

                                    Stuart M. Richter (*admitted pro hac vice*)
                                    stuart.richter@kattenlaw.com
                                    Gregory S. Korman (*admitted pro hac vice*)
                                    greg.korman@kattenlaw.com
                                    2029 Century Park East, Suite 2600
                                    Los Angeles, CA 90067
                                    Tel.: (310) 788-4400
                                    Fax: (310) 788-4471

                                    Craig A. Convissar
                                    craig.convissar@kattenlaw.com
                                    575 Madison Ave.
                                    New York, NY 10022
                                    Tel.: (212) 940-8800
                                    Fax: (212) 940-8776

                                    *Attorneys for Defendants The Hongkong and*
                                    *Shanghai Banking Corporation Limited and*
                                    *HSBC Bank USA, N.A.*

6