USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIGOBERTO VASQUEZ and EVA GARCIA *on behalf of themselves and all others similarly situated*,

                     Plaintiffs,

-v-

HONG KONG AND SHANGHAI BANKING CORPORATION LTD., *a foreign company*, HSBC BANK USA, N.A., *a national banking association*, and DOES 1 THROUGH 100,

                     Defendants.

18 Civ. 1876 (PAE)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

On May 30, 2019, this Court granted HSBC Bank USA, N.A.'s motion to dismiss the claims against it. *Vasquez v. Hong Kong and Shanghai Banking Corp.*, No. 18 Civ. 1876 (PAE), 2019 WL 2327810 (S.D.N.Y. May 30, 2019). The Court denied the motion to dismiss of Hong Kong and Shanghai Corporation Ltd. ("HSBC Hong Kong") without prejudice and authorized "jurisdictional discovery as to the issue of personal jurisdiction, so as to enable the Court to resolve HSBC Hong Kong's motion to dismiss under Rule 12(b)(2)." *Id.* at *19. Before the Court is HSBC Hong Kong's motion for reconsideration of the authorization of jurisdictional discovery. For the reasons that follow, the Court denies the motion.

The facts and procedural history of this litigation are set out more fully in the Court's May 30, 2019 Opinion, and the Court incorporates them here by reference. *See id.* at *1–5. As to the instant motion, on June 13, 2019, HSBC Hong Kong filed the motion for reconsideration, Dkt. 88, and a memorandum of law in support, Dkt. 89 ("HSBC Mem."). On June 20, 2019,

1

plaintiffs filed a memorandum of law in opposition. Dkt. 90 ("Pl. Mem"). On June 27, 2019, HSBC Hong Kong replied. Dkt. 91 ("Reply Mem.").

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believe the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Additionally, the standard governing jurisdictional discovery is very generous. As the Court previously noted,

> "In evaluating jurisdictional motions, district courts enjoy broad discretion in deciding whether to order discovery." *In re Terrorist Attacks [on Sept. 11, 2001]*, 349 F. Supp. 2d [765,] 811 [(2d Cir. 2005)] (collecting cases). "A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (quotations and citation omitted). "If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction." *Daventree Ltd. v. Rep.*

*of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207–08 (2d Cir. 2003)).

*Vasquez*, 2019 WL 2327810, at \*6.

HSBC Hong Kong makes two arguments for the Court to reconsider its prior ruling. First, it argues, jurisdictional discovery is not necessary because the present record answers the factual questions identified by the Court. *See* HSBC Mem. at 3–7. Second, it asks the Court to consider all required elements of personal jurisdiction before ordering such discovery. *Id.* at 7–15. The Court addresses each argument in turn.

HSBC Hong Kong's first argument, by definition, cites no new law or facts as it claims that the Court's questions are answered by the original record on the motions to dismiss. The facts identified by the Court are as follows:

> Among other unknowns, plaintiffs do not allege which banks they used to wire money to Hong Kong or where or by whom the decision was taken to wire this money through HSBC Hong Kong's New York correspondent account. If, for example, plaintiffs' local banks made the decision to use that correspondent account for their own convenience, then the facts here would appear more analogous to those of *Amigo Foods*, in which the defendant bank had not made the choice to use the local account. [O]ther factors with the capacity to bear on the [jurisdictional question] include: (1) whether the use of the correspondent account is cheaper or easier for the foreign bank than other alternatives; (2) how often the correspondent account was used on behalf of the specific customer at issue; (3) the amount of money transferred through the account on behalf of that customer; and (4) the extent to which the customer specifically requested the use of the correspondent account. The declarations submitted by HSBC Hong Kong attests that the use of a correspondent account is not necessary to transfer funds from the United States to HSBC Hong Kong, *see* Yiu Decl. ¶¶ 14–16, and that originator banks have the power to dictate whether or not to use a correspondent account, *see* Rajah Decl. ¶¶ 4–5. They do not, however, engage with the conduct *in this case*. They leave opaque how the wire transfers *in this case* came to occur through the New York correspondent account, and what the volume was of those transfers.

*Vasquez*, 2019 WL 2327810, at \*12. HSBC Hong Kong cherry-picks one sentence from this analysis—regarding whether local banks or HSBC Hong Kong made the decision to use the correspondent bank account, HSBC Mem. at 4—and argues that this is the single "dispositive

3

material fact identified by the Court," *id.* at 5. HSBC Hong Kong further argues that the Rajah declaration, cited by the Court, resolved that question, insofar as Rajah represents that HSBC Hong Kong "*has **no control** over the bank-to-bank route taken by the wire transfer.*" *Id.* (citing Dkt. 51 (Rajah declaration) ¶ 6 (emphasis added by HSBC Hong Kong)). The Court did not overlook the Rajah declaration. It is cited in the Court's analysis above. But a cursory review of the Court's analysis reveals a further *four factors* not addressed, let alone resolved, by the present record. HSBC Hong Kong does not point to any evidence overlooked by the Court as to those factors. The first argument for reconsideration is therefore meritless.[1]

HSBC Hong Kong next asks the Court, "in the interest of efficiency and fairness," *id.* at 8, to consider both prongs of the New York long-arm statute, N.Y. C.P.L.R. § 302(a), as well as the constitutional due process analysis, before authorizing jurisdictional discovery. "'To establish personal jurisdiction under § 302(a)(1), two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity.'" *Vasquez*, 2019 WL 2327810, at *8 (quoting *Barrett v. Tema Development (1988), Inc.*, 251 F. App'x 698, 700 (2d Cir. 2007)). The Court focused its analysis on the first of these prongs, specifically on the issue of purposeful availment. *Id.* at *8–13. The Court directed jurisdictional discovery "aimed at the issue of purposeful availment" and, "[i]n light of the potential impact of this discovery on ensuing questions in the personal jurisdiction inquiry (e.g., whether the second prong of § 302(a)(1) is met and whether constitutional due process is satisfied)," invited counsel to address those questions on post-discovery briefing. *Id.* at *13. HSBC Hong Kong does not claim that the Court overlooked facts or law. It merely

---

[1] For avoidance of doubt, in the course of the forthcoming, jurisdictional, discovery, plaintiffs are, of course, at liberty to test the accuracy of the factual representations made in HSBC Hong Kong's declarations, including Rajah's.

4

claims that the facts in the FAC fail to establish the "aris[ing] from" prong of § 302(a)(1). HSBC Hong Kong therefore suggests that, had the Court conducted an analysis of the second prong, it would have found personal jurisdiction lacking and not ordered jurisdictional discovery. HSBC Hong Kong asks, therefore, in the interests of efficiency, that resources not be expended on discovery.

While the Court is mindful of the costs imposed by the jurisdictional discovery it has ordered, it declines HSBC Hong Kong's invitation to reconsider such discovery. As a preliminary matter, the Court noted, "'[i]f a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction.'" *Vasquez*, 2019 WL 2327810, at *6 (quoting *Daventree Ltd. v. Rep. of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (alteration added)). It remains the Court's judgment that jurisdictional discovery will provide clarity as to the resolution of all questions. Although there may be cases where the facts bearing on the first prong of the long-arm statute are entirely distinct from the facts bearing on the second, the record here suggests that evidence to be adduced will likely inform the Court's assessment of each prong. The Court expects that discovery as to the extent and nature of the use of the correspondent bank account in connection with the Ponzi scheme may inform the Court's assessment as to the nexus between the use of that account and the injury occasioned by the scheme. More generally, the Court seeks development of a fulsome record that will ensure that its assessment of all issues raised by HSBC Hong Kong's challenge to personal jurisdiction is thorough and complete. The Court exercised its substantial discretion to order jurisdictional discovery to aid it in accurately resolving the question of personal jurisdiction in this complex and important case. The Court's paramount obligation to accurately resolve the question of

jurisdiction outweighs the incremental cost to movant HSBC Hong Kong presented by fulsome jurisdictional discovery. There is thus no reason to reconsider, let alone disturb, the Court's earlier ruling.

## CONCLUSION

For the foregoing reasons, the Court denies HSBC Hong Kong's motion for reconsideration. The Court directs HSBC Hong Kong and plaintiffs to file, within one week of this Opinion, a new joint letter proposing a discovery schedule to be completed within approximately two months of today.

The Clerk of Court is respectfully requested to deny the motion pending at Dkt. 88.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 19, 2019
  New York, New York